**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LASZEO BODNAR, and all others
similarly situated,

           Plaintiff,

vs.                                   Case No. 3:13-cv-709-J-34JRK

GOURMET HUT, INC., a Florida
Corporation, et al.,

           Defendants.
_____/

### **REPORT AND RECOMMENDATION**[1]

This cause is before the Court on the Joint Motion for Approval of Settlement and Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. No. 21; "Motion"), filed October 24, 2013. Attached to the Motion is a copy of an executed Settlement Agreement and Release (Doc. No. 21, pp. 7-11; "Settlement Agreement").[2] In the Motion, the parties seek the Court's approval of their Settlement Agreement, and they request that this case be dismissed with prejudice. Motion at 1, 6.

This case was brought in part pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). In a FLSA case for "back wage or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

[2] All page numbers in citations to the Settlement Agreement refer to the page numbers assigned by the Court's Electronic Case Filing System.

settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

Plaintiff's Amended Complaint (Doc. No. 5) contains four (4) counts: 1) "Violation of FLSA Overtime and Minimum Wage Compensation"; 2) "Violation of Florida's Whistle Blower Act"; 3) "Violation of Florida's Deceptive Trade Practices Act"; and 4) "Unjust Enrichment / Quantum Meruit." This Report and Recommendation only addresses Plaintiff's overtime and wage claim brought pursuant to the FLSA (count one of Plaintiff's Amended Complaint). See Lynn's Food Stores, 679 F.2d at 1353, 1355. As relief for the FLSA overtime and wage claim, Plaintiff seeks, in substance, a declaration that Defendant has violated the FLSA, an award of overtime compensation, liquidated damages, past due minimum wage, reasonable attorney's fees and costs, and pre-judgment interest. Am. Compl. at 5-6.

Plaintiff alleges he was employed by Defendants from about February 2010 through February 2011. Am. Compl. at 3; Court's Interrogatories to Plaintiff (Doc. No. 8; "Ct.'s Interrogatories"), filed July 3, 2013, at 2. Plaintiff contends that during that one-year time period, he worked about 864 hours of overtime for which he was not compensated. Ct.'s Interrogatories at 2. He asserts that his regular rate of pay was $8.60 per hour, making his time-and-one-half pay $12.90 per hour. Id. Multiplying the 864 hours of alleged unpaid overtime by the time-and-one-half rate of $12.90 equals $11,145.60. In Defendants' Verified Summary of Hours Worked (Doc. No. 17; "Verified Summary"), filed September 18, 2013, Defendants represent that Plaintiff only worked approximately 227.5 hours of overtime, that his regular rate of pay ranged between $7.31 per hour - $8.50 per hour, and that he was paid his regular rate of pay (rather than the overtime rate of time-and-one-half) for the overtime

hours he worked. Defendants also concede that they owe Plaintiff close to $900 in overtime wages. See Verified Summary at 1-2. In compromise, Defendants agree to pay Plaintiff a total of $5,450.00 ($3450.00 for "unpaid monies and/or liquidated damages allegedly owed to [Plaintiff] under the FLSA, and costs"; $2000 for attorney's fees). Motion at 2; see Settlement Agreement at 9.[3]

The parties state that while they "continue to disagree over the merits of the claim asserted by Plaintiff," the Settlement Agreement "is a reasonable means for all parties to minimize future risks and litigation costs." Motion at 4. The parties represent that "there has been sufficient investigation and exchange of information to allow counsel and the Court to act intelligently in this matter." Id. Further, "[t]he parties voluntarily exchanged information on an informal basis." Id. The parties recognize that they "had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion so that a fair settlement could be reached." Id. The parties agree that "[t]he settlement terms are fair, reasonable and adequate[,]" and they request the Court find the same and enter a final order of dismissal with prejudice. Id. at 6. In light of the parties' representations regarding their investigation and exchange of information prior to reaching the settlement, the Court finds that by compromising his overtime and wage claim, Plaintiff has not impermissibly waived his statutory rights under the FLSA. See Lynn's Food Stores, 679 F.2d at 1354.

---

[3] As part of his FLSA claim in the Amended Complaint, Plaintiff alleges that during his employment with Defendants, "Defendants often paid Plaintiff less than the federally mandated minimum wage for workers." Am. Compl. at 4. The Court presumes that by referring to the $3450.00 amount as payment in part for "unpaid monies," that the parties have considered Plaintiff's allegations regarding minimum wage as well as his allegations of unpaid overtime.

Regarding the award of attorney's fees, Defendants agree to pay Plaintiff's counsel $2000.  Motion at 2; Settlement Agreement at 9.  The parties indicate that the amount to be paid to Plaintiff's counsel was agreed upon separate and apart from Plaintiff's recovery and that the amount is reasonable.  Motion at 5 (citing Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)).  In light of these representations, the Court finds the fee is reasonable.[4]

Upon review of the Motion and the remainder of the file, the Court finds that the Settlement Agreement represents "a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions."  Lynn's Food Stores, 679 F.2d at 1355.  Accordingly, it is

**RECOMMENDED**:

1. That the Joint Motion for Approval of Settlement and Dismissal with Prejudice and Incorporated Memorandum of Law (Doc. No. 21), be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' Settlement Agreement.[5]

---

[4] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)).  As the total fee award sought in this case is not patently unreasonable and Defendants do not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought.  Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.

[5] This recommendation is not intended to suggest that the Court enter judgment against Defendants.  Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' Settlement Agreement, because Lynn's Food Stores, 679 F.2d at 1355, instructs that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[] is a fair and reasonable res[o]lution of a bona fide dispute."

    2.    That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 4, 2013.

 

*James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

jlk
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Counsel of Record